IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLEARPATH UTILITY SOLUTIONS, LLC**, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 2:15cv1620 ) **Electronic Filing** |
| **US CROSSINGS UNLIMITED, LLC**, | ) ) |
| Defendant. | ) |

# OPINION

Plaintiff commenced this action seeking damages for defendant's alleged failure to pay the balance due for underground pipe installed on a commercial natural gas line. Defendant answered and filed a counterclaim seeking redress for plaintiff's alleged breach of contract. Presently before the court is plaintiff's motion to dismiss the counterclaim. For the reasons set forth below, the motion will be denied.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at 544. In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by

1

presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are "'merely consistent with' a defendant's liability." Id. Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678 ("'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"); Phillips v. County

of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

The facts read in the light most favorable to defendant are as follows. On September 11, 2015, plaintiff and defendant entered into a contract whereby plaintiff, as a subcontractor to defendant, agreed to provide the labor and material necessary to drill a directional bore and place approximately 850 feet of 8-inch steel pipe, associated with the operation of a gas well in Greene County, Pennsylvania. Complaint at ¶ 6. This work was to be done for defendant's client, Rice Energy (hereinafter "owner"). Under the terms of the contract, defendant agreed to pay plaintiff for the directional bore drilling and the steel pipe placement labor and material at the rate of $225.00 per foot. Id. at ¶ 8. Plaintiff contends that (1) it has performed all conditions precedent to defendant's duty to make full payment to plaintiff under the contract, (2) the owner has accepted plaintiff's labor and materials and has paid the defendant in full for plaintiff's labor and materials, and (3) defendant has nevertheless failed to make the required payments to plaintiff. Id. at ¶¶ 13-14, 21.

In its answer, defendant admits the failure to make full payment and asserts it has no obligation to do so due to plaintiff's failure to place some or all of the pipeline within the designated right-of-way. Answer at ¶¶ 21-22. This breach purportedly will lead to damages which are reasonably certain to accrue. Counterclaim at ¶ 22. Included among these are (1) indemnification for any claims asserted by the owner, (2) damages for the costs which have or will be incurred to remediate plaintiff's performance and (3) lost profits from defendant's loss of future business with the owner. Id. at ¶¶ 23-24.

Plaintiff challenges two components of defendant's claimed damages. It notes that defendant has not claimed it has had to pay the owner, and therefore a claim for indemnification is speculative. Defendant's entitlement to damages for lost profits also is asserted to be deficient because Pennsylvania law imposes a heightened burden on new businesses seeking to recover such damages. Further, defendant has not identified an actual loss of future business with the owner. Thus, plaintiff maintains that given the heightened burden, defendant's assertion of lost profits is too speculative.

Defendant maintains that it is entitled to pursue all damages that will arise from plaintiff's breach. More specifically, defendant contends that its claim for lost profits should stand because Pennsylvania law merely imposes a higher burden of proof where such losses are claimed by a new business, and Pennsylvania law recognizes the ability to recover prospective damages in breach of contract cases.

Plaintiff has not challenged defendant's ability to recover any actual costs incurred in remediating the pipeline. And defendant concedes that because it has not yet received notice of any claim being asserted against it by the owner, its claim for indemnification can be viewed as

premature. Thus, the only issue to be resolved pursuant to the pending motion is plaintiff's challenge to defendant's ability to recover profits from the loss of future business with the owner.

Defendant's asserted right to recover lost profits is contingent upon its ability to recover for breach of contract. To state a claim for breach of contract under Pennsylvania law, a plaintiff must establish: "(1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract and (3) resultant damages." Ware v. Rodale Press, Inc., 322 F.3d 218, 225-226 (3d Cir. 2003) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. 1999)).

As noted above, plaintiff does not question the existence of the contract. And under the applicable standards plaintiff cannot challenge defendant's assertion that some of the pipe was placed outside the right-of-away and its asserted ability to recover any actual costs incurred in repositioning the pipe or modifying the right-of-way as a result thereof. It follows that defendant has made a plausible showing of entitlement to relief for a breach of contract claim.

Moreover, defendant's counterclaim adequately states a claim for lost profits. First, a truncated assessment of defendant's recoverable damages is not a warranted undertaking at the pleading stage. The applicable federal pleading standards require a party to set forth a plausible showing of entitlement to relief. See Fowler v. UPMC Shadyside, 578 F.3d 203, 212-13 (3d Cir. 2009) ("It is axiomatic that the standards for dismissing claims under Federal Rule of Civil Procedure 12(b)(6) and granting judgment under either Federal Rule of Civil Procedure 50 or Federal Rule of Civil Procedure 56 are vastly different."). They do not require the plaintiff to meet a quantum of proof. Id. Defendant has met the pleading standards by advancing factual allegations that present a plausible showing that each element of the claim is or can reasonably be expected to be satisfied. Twombly and its progeny do not mandate a micro or more nuanced

5

analysis at this juncture.  See Crestwood Membranes, Inc. v. Constant Services, Inc., 2016 WL 659105, *6 (M.D. Pa. Feb. 17, 2016) ("While Defendant is correct that i2M will need to prove that consequential damages 'were reasonably foreseeable and within the contemplation of the parties at the time they made the contract,' to recover consequential damages for breach of contract [], federal pleading standards simply do not require i2M to prove, in its Complaint, its entitlement to damages for properly stated causes of action.").  Thus, we decline plaintiff's invitation to parse through each component of defendant's claimed damages and scrutinize it for proof that will permit an ultimate recovery.

Second, defendant sufficiently has advanced a plausible showing for the recovery of lost profits in any event.  Pennsylvania law permits the recovery of consequential damages, including loss of profits, "where (1) there is evidence to establish them with reasonable certainty, (2) there is evidence to show that they were the proximate consequence of the wrong; and, in the contract actions, that they were reasonably foreseeable."  Delahanty v. First Pennsylvania Bank N.A., 464 A.2d 1243, 1258 (Pa. Super. 1983) (citing R.I. Lampus Co. v. Neville Cement Products Corp., 378 A.2d 288 (Pa. 1977) and Frank B. Bozzo, Inc. v. Electric Weld Division, 423 A.2d 702 (1980)).

Plaintiff's contention that defendant's asserted entitlement to lost profit damages is too speculative is misplaced at the motion to dismiss stage.  Plaintiff's position emanates from a line of authority recognizing that a plaintiff will be precluded from utilizing lost profits as a measure of damages where it is a new business and lacks sufficient evidence of prior profitability.  See, e.g., General Dynafab, Inc. v. Chelsea Industries, Inc., 447 A.2d 958, 960 (Pa. Super. 1982) (collecting cases).  But it is well-settled that "[t]he determination of damages is a factual question

to be decided by the fact-finder." Delahanty, 464 A.2d at 1257. And the Supreme Court of Pennsylvania has opined:

> We are now in an era in which computers, economic forecasting, sophisticated marketing studies and demographic studies are widely used and accepted. As such, we believe that the rationale for precluding prospective profits under the rubric of "too speculative" ignores the realities of the marketplace and the science of modern economics. We believe that claims for prospective profits should not be barred ab initio. Rather, plaintiffs should be given an opportunity to set forth and attempt to prove their damages.

AM/PM Franchise Ass'n v. Atlantic Richfield Co., 584 A.2d 915, 925 (Pa. 1990). As a general matter such damages must be causally related to the breach and there must be a reasonable basis from which to calculate them. Id. at 926.

Moreover, Pennsylvania does not preclude new businesses from collecting damages as a result of lost profits; it merely imposes a "heavier burden in proving that lost profits are sufficiently certain to be recovered." Delahanty, 464 A.2d at 1260; Power Restoration Inter., Inc. v. PepsiCo, Inc., 2015 WL 1208128, *5-6 (E.D. Pa., March 17, 2015). This burden may be satisfied in a number of ways, such as where there is or was a "significant interest" in the plaintiff's product or services, Delahanty, 464 A.2d at 123-24, or where the plaintiff produces substantial evidence of lost profits which have a close relationship to the plaintiff's operations "as well as the relevant economic and financial conditions prevailing at the time." Power Restoration, 2015 WL 1208128 at *5 (citing Merion Spring Co. v. Muelles Hnos. Garcia Torres, S.A., 462 A.2d 686, 696 (Pa. Super. 1983) and Nat'l Controls Corp. v. Nat'l Semiconductor Corp., 833 F.2d 491, 495-496 (3d Cir. 1987)).

Here, defendant has alleged that it employed plaintiff as a subcontractor to install pipe in a commercial gas line, plaintiff failed to place the pipe within the designated right-of-way and the owner has rejected the work. Given the nature of the breach alleged, it reasonably can be inferred that each of the forms of identified damages will occur.

Moreover, defendant seeks lost profits from future work with the owner, not the loss of such work in the general marketplace. In this regard it can be inferred that because the owner has rejected the work and unsettled matters remain between it and defendant, the ability to obtain future work with the owner also has been compromised. Such work presumably would be the same type of work as that provided by defendant/plaintiff (or closely related work) and would be occurring within a substantially similar commercial setting. These allegations and inferences suffice to advance a plausible showing of entitlement to lost profits under the close relationship approach. Consequently, the panoply of potential damages that accompany defendant's breach of contract claim cannot be eliminated under the guise of the federal pleading standards.

For the reasons set forth above, plaintiff's motion to dismiss will be denied. An appropriate order will follow.

<u>Date: September 19, 2016</u>

<u>s/David Stewart Cercone</u>
David Stewart Cercone
United States District Judge

cc:    Nicholas D. Krawec, Esquire
       John D. Eddy, Esquire
       Steven C. Townsend, Esquire

(*Via CM/ECF Electronic Mail*)